IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Cathy Reeves,
    Plaintiff,
 v.

Stokes & Clinton, PC; and DOES 1-10, inclusive,

    Defendants.

Civil Action No.: 15-15

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

For this Complaint, the Plaintiff, Cathy Reeves, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Cathy Reeves ("Plaintiff"), is an adult individual residing in Lake Wales, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2).

5. Defendant Stokes & Clinton, PC ("Stokes & Clinton"), is an Alabama business entity with an address of 1000 Downtowner Boulevard, Mobile, Alabama 36609, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6. Does 1-10 (the "Collectors") are individual collectors employed by Stokes & Clinton and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Stokes & Clinton at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to Stokes & Clinton for collection, or Stokes & Clinton was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

### B. Stokes & Clinton Engages in Harassment and Abusive Tactics

12. In or around June 2014, Stokes & Clinton called Plaintiff at her place of employment in an attempt to collect the Debt.

13. Plaintiff provided her cellular telephone number to Stokes & Clinton and advised them to cease calling her work telephone number.

14. On or around July 9, 2014, Stokes & Clinton called Plaintiff's work telephone number again, despite having been directed to cease all calls to Plaintiff's workplace.

15. Moreover, Stokes & Clinton spoke to Plaintiff's co-worker, Candace, and asked disclosed the nature of the calls to her, causing embarrassment to Plaintiff.

C. **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
## 15 U.S.C. § 1692, *et seq*.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

20. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

21. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ALABAMA DECEPRIVE TRADE PRACTICES ACT – ALA CODE § 8-19-1, *et seq*.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' actions constitute unfair or deceptive trade practices within the meaning of the Alabama Deceptive Trade Practices Act, as defined by Ala. Code § 8-19-1 *et seq*.

28. As the result of Defendants' violations, the Plaintiff is entitled to injunctive relief and to recover actual or statutory damages and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Injunctive relief, actual and statutory damages pursuant to Ala. Code § 8-19-10 against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to Ala. Code § 8-19-10 against the Defendants;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 13, 2015

        Respectfully submitted,

By   /s/ Curtis R. Hussey
Curtis R. Hussey (HUSSC7684)
Hussey Law Firm, LLC
10 N. Section Street #122
Fairhope, Alabama  36532-1896
Telephone:  (251) 928-1423
Facsimile:  (888) 953-6237
E-mail: chussey@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff
Cathy Reeves